# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM D. WEHR-DARROCA,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **No. 1:24-cv-03504-RC** |
| **DISTRICT OF COLUMBIA,** *et al.*, | |
| **Defendants.** | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants District of Columbia, Pamela A. Smith, and Brian L. Schwalb (collectively, the District) move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Complaint [1]. A memorandum of points and authorities as well as a proposed order are attached. Because this Motion is dispositive, the District did not seek Plaintiffs' consent. *See* LCvR 7(m).

Date: February 13, 2025.

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
RICHARD P. SOBIECKI [500163]
MATEYA B. KELLEY [888219451]

HELEN M. RAVE [90003876]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7474
adam.tuetken@dc.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM D. WEHR-DARROCA,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **No. 1:24-cv-03504-RC** |
| **DISTRICT OF COLUMBIA,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

BACKGROUND ............................................................................................................... 1

    I.     The District Prohibits LCMs................................................................. 1

    II.    Plaintiffs Sue the District. ..................................................................... 2

LEGAL STANDARD......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

    I.     The Individual Plaintiffs Lack Standing Because They Do Not Face a
            Threat of Prosecution, and the Law Has Not Been Otherwise Enforced
            Against Them............................................................................................. 5

    II.    FPC Lacks Standing Because It Fails to Plausibly Allege the Elements of
            Associational Standing........................................................................... 7

CONCLUSION..................................................................................................................... 9

## INTRODUCTION

This case is a copycat of a challenge that this Court and the D.C. Circuit already held is unlikely to succeed on the merits. *Hanson v. District of Columbia*, 671 F. Supp. 3d 1 (D.D.C. 2023), *aff'd*, 120 F.4th 223 (D.C. Cir. 2024) (per curiam). Both cases challenge, on Second Amendment grounds, the District's longstanding prohibition on large capacity magazines (LCMs). The cases differ, however, because no Plaintiff here has standing. Under binding circuit precedent, a plaintiff only has standing to challenge a regulation of "Arms" allegedly protected by the Second Amendment if he was threatened with prosecution for violating the regulation, or if he was in fact denied a weapon; and his standing is limited to challenging the regulation's application to that weapon in particular. The two individual Plaintiffs here have not faced prosecution or been denied an LCM. And the third Plaintiff is an interest group, Firearms Policy Coalition (FPC), that fails to plausibly allege facts establishing the elements of associational standing. Because no Plaintiff has standing, the Court should dismiss the Complaint for lack of jurisdiction.

## BACKGROUND

### I.     The District Prohibits LCMs.

Two aspects of District firearms law are relevant here. First, the District has limited the capacity of ammunition magazines since 2009. *See* Firearms Control Amendment Act of 2008, D.C. Law 17-372, 56 D.C. Reg. 1,365 (May 2, 2009). Specifically, District law provides that "[n]o person in the District shall knowingly possess, sell, or transfer any ammunition feeding device that is, in fact, a large capacity ammunition feeding device, regardless of whether the device is attached to a firearm." D.C. Code § 7-2506.01(b) (the "Law"). "[T]he term 'large capacity ammunition feeding device' means a magazine, belt, drum, feed strip, or similar device

that has a capacity of, or that can be readily restored or converted to accept, more than 10 rounds of ammunition." *Id.* § 7-2506.01(c). Possession of an LCM is a felony. *Id.* § 7-2507.06(a)(4).

Second, District law generally requires that any person in the District who "possess[es] or control[s]" a firearm must register it with the Metropolitan Police Department (MPD). *Id.* § 7-2502.01(a). Relatedly, "[n]o person shall possess ammunition in the District of Columbia unless . . . [h]e is the holder of a valid registration certificate for a firearm." *Id.* § 7-2506.01(a)(3). Possession of a firearm or ammunition without a registration certificate is a misdemeanor. *See id.* § 7-2507.06(a).

**II.    Plaintiffs Sue the District.**

Shortly after the Law's enactment, the D.C. Circuit upheld the Law. *Heller v. District of Columbia* (*Heller II*), 670 F.3d 1244 (D.C. Cir. 2011). But following the Supreme Court's more recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), a new set of plaintiffs challenged the Law before this Court in *Hanson* and moved for a preliminary injunction. 671 F. Supp. 3d at 3. The Court denied the motion, concluding that the plaintiffs were unlikely to succeed on the merits. *Id.* The D.C. Circuit affirmed, concluding additionally that the plaintiffs could not satisfy the remaining preliminary injunction factors. 120 F.4th at 230.

Months after the D.C. Circuit decided *Hanson*, Plaintiffs here brought their suit. Plaintiffs are two individuals and an interest group. The individuals are District residents William Wehr-Darroca and Gary Stemple who allege that they would possess LCMs but for the Law. Compl. ¶¶ 16–17, 62–69. They do not allege that they have been denied registration of firearms with LCMs. Nor do they allege facts showing that the Law has been enforced against them or that they face a sufficiently imminent threat of enforcement. In fact, they admit that "Plaintiffs have not specifically been threatened with enforcement of the [Law]." *Id.* ¶ 70.

Wehr-Darroca and Stemple are members of FPC, *id.* ¶¶ 16–17, a Nevada-based interest group for "promot[ing]" the Second Amendment that serves as the final plaintiff, *id.* ¶ 18.  FPC alleges that it "brings this action on behalf of its members, including the named Plaintiffs herein, who are injured by the operation and enforcement of" the Law.  *Id.* ¶ 19.  There is no allegation that FPC or any of its other members has been denied a registration certificate for a firearm with an LCM or faced prosecution for possessing an LCM in the District.

On December 17, 2024, Plaintiffs sued the District of Columbia, MPD Chief Pamela A. Smith, and Attorney General Brian L. Schwalb, both in their official capacities, alleging one claim that the Law violates the Second Amendment.  *Id.* ¶ 1.[1]  They seek injunctive and declaratory relief.  *Id.*, Prayer.  They do not seek monetary damages.  *See id.*

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) if the court "lack[s] . . . subject-matter jurisdiction."  To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing jurisdiction.  *Bronner on Behalf of Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020).  Generally, the court accepts "well-pled factual allegations" while "disregard[ing] any legal conclusions, legal contentions couched as factual allegations, and unsupported factual allegations."  *Gulf Coast Mar. Supply, Inc. v. United States*, 867 F.3d 123, 128 (D.C. Cir. 2017).  If, however, the defendant disputes the "factual basis of the court's subject matter jurisdiction," then "the court must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss."

---

[1]     Plaintiffs' official-capacity suits against District officials are superfluous, so if the case proceeds, the individual defendants should be dismissed.  *Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344, at *1 (D.C. Cir. Oct. 1, 2010) (per curiam); *Lopez v. District of Columbia*, 268 F. Supp. 3d 256, 259 (D.D.C. 2017).

*Feldman v. FDIC*, 879 F.3d 347, 351 (D.C. Cir. 2018) (internal quotation marks omitted) (quoting *Phoenix Consulting v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000)).  The plaintiff must then prove jurisdiction by preponderance of the evidence.  *E.g.*, *Coleman v. Toyota Motor Credit Corp.*, 109 F. Supp. 3d 4, 6 (D.D.C. 2015).

## ARGUMENT

The claim here suffers from a fundamental defect: lack of standing.  To pursue claims in federal court, a plaintiff must have standing.  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  That is, he must "show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *Id.*  "And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)."  *Id.* at 431.  Standing ensures that "courts do not opine on legal issues in response to citizens who might 'roam the country in search of governmental wrongdoing.'"  *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 379 (2024) (quoting *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 487 (1982)).  "Standing also 'tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action.'"  *Id.* (quoting *Valley Forge*, 454 U.S. at 472).  Analyzing each Plaintiff's circumstances here reveals that none has standing.  Dismissing the Complaint accordingly will serve standing doctrine's core purpose of ensuring that the issues that the Court resolves are only those issues that are concrete and sharply presented.

I.    <u>**The Individual Plaintiffs Lack Standing Because They Do Not Face a Threat of Prosecution, and the Law Has Not Been Otherwise Enforced Against Them.**</u>

Wehr-Darroca and Stemple lack standing.  They do not allege that the Law has been enforced against them.  So they bring a pre-enforcement challenge, which requires them to show that (1) they intend "to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and (2) "there exists a credible threat of prosecution thereunder."  *Seegars v. Gonzales*, 396 F.3d 1248, 1251 (D.C. Cir. 2005) (internal quotation marks and citation omitted).  The "threat of prosecution" must be "genuine and imminent." *Navegar, Inc. v. United States*, 103 F.3d 994, 1001 (D.C. Cir. 1997).  That is, Plaintiffs must allege that they "have been singled out or uniquely targeted by the D.C. government for prosecution."  *Parker v. District of Columbia*, 478 F.3d 370, 375 (D.C. Cir. 2007), *aff'd sub nom. District of Columbia v. Heller*, 554 U.S. 570 (2008).

Wehr-Darroca and Stemple do not allege anything like that.  Instead, they just allege that they would possess LCMs but for the Law.  Compl. ¶¶ 64, 68.  Those are precisely the type of allegations that the D.C. Circuit has held are inadequate to support standing.  *See Seegars*, 396 F.3d at 1254–55 (allegations that "but for" a pistol ban, plaintiffs would obtain and register pistols were insufficient).  Plaintiffs cannot clear their pleading hurdle without alleging either "prior threats against them" or "characteristics indicating an especially high probability of enforcement against them."  *Id.* at 1255.  Yet, Wehr-Darroca and Stemple plead themselves out of court by conceding that they "have not specifically been threatened with enforcement of the [Law]"—which is exactly what precedent requires.  Compl. ¶ 70; *see Seegars*, 396 F.3d at 1255 (plaintiff lacked standing when he did not allege "he ha[d] been personally threatened with prosecution or that his prosecution ha[d] any 'special priority' for the government").  Thus, under *Navegar* and its progeny, Wehr-Darroca and Stemple lack standing.

That precedent remains binding, as another court in this district explained twice over. *Angelo v. District of Columbia* (*Angelo I*), 648 F. Supp. 3d 116, 126–32 (D.D.C. 2022); *Angelo v. District of Columbia* (*Angelo II*), No. 22-cv-1878, 2024 WL 3741401, at *7–9 (D.D.C. Aug. 9, 2024), *appeal docketed*, No. 24-7127 (D.C. Cir. Sept. 10, 2024). Quite right, "district judges . . . are obligated to follow controlling circuit precedent until either [the D.C. Circuit], sitting en banc, or the Supreme Court, overrule[s] it." *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997). Neither court has overruled these cases. To the contrary, "the D.C. Circuit itself has reckoned" with these cases but declined to overrule them. *Angelo I*, 648 F. Supp. 3d at 130. The Court should "leav[e] to [the D.C. Circuit] the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (internal quotation marks and citation omitted).[2]

To be sure, there is a limited exception to the *Navegar* line of cases, but it is inapplicable here. In *Parker*, the D.C. Circuit explained that denial of a registration certificate creates an injury-in-fact "to which the stringent requirements for pre-enforcement standing under *Navegar* and *Seegars* would not apply." 478 F.3d at 376. Because one plaintiff there was denied a registration certificate for a handgun, he could challenge the District's former handgun ban. *Id.* Consistent with *Parker*, the D.C. Circuit, when previously addressing a challenge to the Law in *Heller II*, observed that one plaintiff there was "denied registration of a pistol because the

---

[2]    If the Court disagrees and finds that Wehr-Darroca and Stemple have standing under *Navegar-Seegars-Parker*, then their standing is limited to the specific LCMs—and those specific capacities—that they wish to possess. *See* Compl. ¶¶ 63 (listing LCMs capable of holding 11, 13, 15, and 17 rounds), 67 (13 rounds). That is because, on *Seegars*'s first prong, the only "course of conduct arguably affected with a constitutional interest[ ] but proscribed by a statute" that Wehr-Darroca and Stemple wish to engage in is possession of *specific* LCMs. *Seegars*, 396 F.3d at 1251 (internal quotation marks and citation omitted). So they would only satisfy the *Seegars* test with regards to those LCMs and not, for example, LCMs of different, unspecified capacity.

magazine had a capacity of 15 rounds."  670 F.3d at 1249.  Wehr-Darroca and Stemple, however, do not allege that they were denied registration certificates for firearms with an LCM. This case is thus distinguishable from *Hanson*, in which this Court found that one plaintiff had demonstrated a likelihood of standing precisely because he had been denied a registration certificate.  671 F. Supp. 3d at 8.

## II.    FPC Lacks Standing Because It Fails to Plausibly Allege the Elements of Associational Standing.

That leaves FPC, which brings this action "on behalf of its members."  Compl. ¶ 19.  In other words, FPC asserts associational standing.  *Elec. Priv. Info. Ctr. v. U.S. Dep't of Com.*, 928 F.3d 95, 100 (D.C. Cir. 2019).[3]  But FPC lacks associational standing for at least three reasons.

First, "[t]o assert associational standing, an organization must have the 'indicia of a traditional membership association.'"  *Viasat, Inc. v. FCC*, 47 F.4th 769, 781 (D.C. Cir. 2022) (quoting *Sorenson Commc'ns v. FCC*, 897 F.3d 214, 225 (D.C. Cir. 2018)).  This requires allegations about "whether members finance the organization, guide its activities, or select its leadership."  *Id.*  "[B]are assertion[s] of membership" do not suffice.  *Id.* at 782.  FPC does not allege, in an even conclusory fashion, such facts.  *See* Compl. ¶ 18.  The Complaint thus gives "no insight into how [FPC] relates with its members" and fails to show the required indicia. *Viasat*, 47 F.4th at 781; *see also N.Y. Ctr. for Foreign Pol'y Affs. v. U.S. Dep't of State*, No. 20-cv-3847, 2024 WL 3400122, at *8 (D.D.C. July 12, 2024) (applying *Viasat* to dismiss a complaint).

---

[3]     An organization may also "assert standing on its own behalf, as an organization."  *Elec. Priv. Info. Ctr.*, 928 F.3d at 100.  But FPC only brings its claims "on behalf of its members"— not on its own behalf as an organization—so it does not even attempt to allege organizational standing.  Compl. ¶ 19.

Second, an association must prove that "its members would otherwise have standing to sue in their own right." *Waterkeeper All., Inc. v. Regan*, 41 F.4th 654, 660 (D.C. Cir. 2022) (internal quotation marks and citation omitted). But Wehr-Darroca and Stemple lack standing, so FPC cannot rely on them for standing. Nor can FPC rely on other members to establish its standing. "[I]t is not enough to aver that unidentified members have been injured," "[r]ather, the [organization] must specifically identify members who have suffered the requisite harm." *Chamber of Com. of U.S. v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011) (internal quotation marks and citation omitted). All FPC alleges about its other members is that they "reside both within and outside the District," Compl. ¶ 18, and "are injured by the operation and enforcement of" the Law, *id.* ¶ 19. FPC thus "fail[s] to identify any individual members" (besides Wehr-Darroca and Stemple, who lack standing) or allege facts plausibly showing how "its members suffered or will suffer an injury in fact" that satisfies *Navegar* and related case law. *Twin Rivers Paper Co. LLC v. SEC*, 934 F.3d 607, 613 (D.C. Cir. 2019). In fact, another court in this district dismissed claims by FPC relying on remarkably similar allegations—and the D.C. Circuit unanimously affirmed. *Firearms Pol'y Coal., Inc. v. Barr*, 419 F. Supp. 3d 118, 125, 127 (D.D.C. 2019), *aff'd sub nom. Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 19-5304, 2020 WL 6580046 (D.C. Cir. Oct. 30, 2020). Because FPC cannot show that any of its members has standing, it lacks standing, too. *Waterkeeper*, 41 F.4th at 660.

Third, an association lacks standing if "the nature of th[e] suit necessarily requires consideration of the individual circumstances of any aggrieved member of the organization." *Tanner-Brown v. Haaland*, 105 F.4th 437, 447 (D.C. Cir. 2024) (internal quotation marks and citation omitted). Individual circumstances determine a court's jurisdiction in a case like this because a court cannot hear a challenge to a firearm regulation unless an individual faces a threat

of prosecution or has been denied a firearm registration certificate. *Parker*, 478 F.3d at 375–76.

The merits are similarly driven by individual circumstances because standing is limited to the

weapon the individual sought to possess, and the Second Amendment confers an "*individual*

right." *Heller*, 554 U.S. at 592 (emphasis added); *see Hanson*, 120 F.4th at 230, 240 n.8

(focusing analysis on magazines containing 17 bullets because those were the magazines that the

plaintiffs sought to possess). By its "nature," then, a Second Amendment claim turns on

individuals, so FPC lacks standing. *Tanner-Brown*, 105 F.4th at 447.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint.

Date: February 13, 2025.                         Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
RICHARD P. SOBIECKI [500163]
MATEYA B. KELLEY [888219451]
HELEN M. RAVE [90003876]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7474
adam.tuetken@dc.gov

*Counsel for Defendants*