UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM D. WEHR-DARROCA,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> **Defendants.** | No. 1:24-cv-03504-RC |

**REPLY BRIEF IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.       The Individual Plaintiffs Concede That They Lack Standing, and Their Critiques of Circuit Precedent Are Misplaced. ......................................................... 1

    II.      FPC Lacks Standing Because It Fails to Plausibly Allege the Elements of Associational Standing................................................................................................ 2

CONCLUSION ............................................................................................................................... 6

**INTRODUCTION**

Plaintiffs admit that "the Court must grant the District's motion."  Pls.' Opp'n [13] at 4; *see also id.* at 8, 21.  That should be the end of this case.  *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (failing to respond to an argument in a dispositive motion concedes it).  Nonetheless, Plaintiffs take up several pages (1) complaining that circuit precedent is wrong, and (2) arguing that the associational Plaintiff, Firearms Policy Coalition (FPC), should otherwise have standing.  Neither argument changes the bottom line that—as all Parties agree—Plaintiffs lack standing.

**ARGUMENT**

**I.  The Individual Plaintiffs Concede That They Lack Standing, and Their Critiques of Circuit Precedent Are Misplaced.**

Plaintiffs concede that Wehr-Darroca and Stemple do not have standing under D.C. Circuit precedent, yet they still spend several pages critiquing that indisputably binding precedent.  Pls.' Opp'n at 4–17.  "But this Court is bound by D.C. Circuit precedent unless intervening Supreme Court authority 'eviscerate[s]' the law of the circuit."  *Las Americas Immigrant Advoc. Ctr. v. DHS*, No. 24-cv-1702, 2025 WL 631864, at *3 (D.D.C. Feb. 26, 2025) (Contreras, J.) (quoting *Alpine Secs. Corp. v. FINRA*, 121 F.4th 1314, 1334 (D.C. Cir. 2024)).  Plaintiffs do not argue that the evisceration standard is met here.  Rather, their arguments boil down to charges that circuit precedent is wrongly decided, yet this Court "cannot entertain" such arguments.  *Davis v. DOJ*, 460 F.3d 92, 106 (D.C. Cir. 2006); *see also Summers v. DOJ*, 477 F. Supp. 2d 56, 67 (D.D.C. 2007).

Accordingly, the District will not take up the Court's time disputing each of Plaintiffs' complaints.  Suffice to say, Plaintiffs are misguided.  Another court has already found unpersuasive many of Plaintiffs' arguments for why D.C. Circuit precedent is abrogated—in

opinions that Plaintiffs consciously ignore. *Compare* Pls.' Opp'n at 4, 16–17 (relying on *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)), *with Angelo v. District of Columbia* (*Angelo I*), 648 F. Supp. 3d 116, 129 (D.D.C. 2023) (explaining that *MedImmune* "casts less doubt" on circuit precedent than the plaintiffs suggested). *Compare* Pls.' Opp'n at 4–6 (relying on First Amendment cases to argue for a different test), *with Angelo I*, 648 F. Supp. 3d at 130 n.5 (noting that "the Supreme Court has adopted a particularly expansive view of standing in the First-Amendment context"). In sum, Plaintiffs' critiques of circuit precedent should neither persuade the Court nor save their case from dismissal.

II. **FPC Lacks Standing Because It Fails to Plausibly Allege the Elements of Associational Standing.**

Although Plaintiffs concede that the District's Motion must be granted in its entirety, they make three arguments in favor of FPC's alleged associational standing. The Court need not address those arguments because Plaintiffs concede that there is no FPC member with standing. *See* Pls.' Opp'n at 4; Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss (Defs.' Mot.) [11] at 8. In any event, Plaintiffs' arguments on associational standing are unavailing.

First, Plaintiffs argue that FPC need not show that it has indicia of a traditional membership organization. Pls.' Opp'n at 18–20. The only precedential case that Plaintiffs cite is *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College* (*SFFA*), 600 U.S. 181 (2023). *SFFA* just indicates that when it is clear or undisputed that a plaintiff is a traditional membership organization, courts need not further inquire into its operations. *See id.* at 201 (declining to inquire further when plaintiff was "indisputably a voluntary membership organization" because members presented detailed declarations describing how they interact with the organization). But when "it is unclear if [the plaintiff] is the sort of organization that would

2

qualify as a 'membership association' for purposes of our standing analysis," courts make a basic inquiry into the organization. *Sorenson Commc'ns v. FCC*, 897 F.3d 214, 225 (D.C. Cir. 2018).

Indeed, the D.C. Circuit was quite clear in *Viasat* that "[t]o assert associational standing, an organization must have the 'indicia of a traditional membership association.'" *Viasat, Inc. v. FCC*, 47 F.4th 769, 781 (D.C. Cir. 2022) (quoting *Sorenson*, 897 F.3d at 225). Although Plaintiffs try to distinguish the facts that *Viasat* considered, they do not grapple with the headline standard or the fact that the D.C. Circuit did not caveat that it only applies in some circumstances. Pls.' Opp'n at 19. And it is for the D.C. Circuit—not Plaintiffs—to decide whether *SFFA* abrogates *Viasat*. *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997). In the meantime, courts in this circuit have continued to apply *Viasat* as a threshold inquiry when a defendant challenges the sufficiency of an organization's allegations about how it interacts with members. *Robertson v. District of Columbia*, No. 24-cv-656, 2025 WL 211056, at *4, 13–14 (D.D.C. Jan. 16, 2025); *N.Y. Ctr. for Foreign Pol'y Affs. v. U.S. Dep't of State*, No. 20-cv-3847, 2024 WL 3400122, at *4, 8 (D.D.C. July 12, 2024).

Here, it is unclear if FPC is a traditional membership organization because FPC provided only a paragraph of scant allegations about itself. *See* Compl. [1] ¶ 18. Unlike the members in *SFFA*, the Complaint provides zero facts about how the individual member-plaintiffs interact with the organization. And Plaintiffs' Opposition still does not provide such facts. Regardless, the District "challenge[d] only the legal sufficiency of the plaintiff's jurisdictional allegations," so the Court limits its review to the allegations in the Complaint. *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). "If the claim is logically defective in some manner, the court is obliged to dismiss the action . . . ." *Haase v. Sessions*, 835 F.2d 902, 907 (D.C. Cir. 1987); *see, e.g.*, *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441–42 (2d Cir.

2022) (holding that district court properly excluded consideration of affidavit and dismissed a complaint for lack of standing based on insufficient allegations alone, when the defendant had facially attacked standing); *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th Cir. 2022) (same).

      Second, Plaintiffs argue that, were circuit precedent overruled, FPC's "members" would have standing, and FPC would satisfy the first prong of the associational standing test. Pls.' Opp'n at 20. But to rely on members to assert associational standing, FPC must identify those members and plausibly allege their injuries. *See* Defs.' Mot. at 10. FPC has not attempted to identify any other members besides Wehr-Darroca and Stemple. That is significant because, even if circuit law changes, and Wehr-Darroca and Stemple can assert standing, FPC's standing would extend no farther than Wehr-Darroca's and Stemple's. That is because an association can only "borrow . . . the standing that could be established by individual members." Edward H. Cooper, 13A *Fed. Prac. & Proc.* § 3531.9.5 (3d ed. 2024); *see also Sierra Club v. Morton*, 405 U.S. 727, 739 (1972) (associational standing only allows an organization to "represent those members" with standing). Accordingly, FPC is wrong to assert that it would have standing to "challenge the District's Ban" in its entirety. Pls.' Opp'n at 20. It would only have standing to challenge the Law's application to the specific LCMs that Wehr-Darroca and Stemple want to own. Defs.' Mot. at 6 n.2.

      Third, Plaintiffs argue that FPC satisfies the third prong of the associational standing test simply because they do not seek damages. Pls.' Opp'n at 20–21. But the third prong of that test requires that "neither *the claim asserted* nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) (emphasis added). Because *Hunt* asks about the claim, not just the relief, it is no

4

answer for a plaintiff to simply assert that it does not seek individualized relief in the form of damages. *E.g.*, *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. FDIC*, No. 14-cv-953, 2016 WL 7376847, at *5–6 (D.D.C. Dec. 19, 2016); *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 135 n.5 (5th Cir. 2009).

As the District explained, the claim here requires individual participation in two ways. Defs.' Mot. at 8–9. First, establishing jurisdiction requires a plaintiff-specific inquiry into what conduct he wants to engage in and whether the government has singled him out for enforcement. *Id.*; *see also id.* at 5. Even under Plaintiffs' preferred, relaxed version of pre-enforcement standing, individual circumstances are relevant. Plaintiffs argue that they satisfy a relaxed standard precisely because they have made allegations about the particular guns and LCMs that Wehr-Darroca and Stemple individually want. Pls.' Opp'n at 13. Second, the merits turn on individual circumstances because an as-applied Second Amendment challenge "requires courts to examine a statute based on a defendant's individual circumstances." *United States v. Veasley*, 98 F.4th 906, 909 (8th Cir.), *cert. denied*, 145 S. Ct. 304 (2024); *see also United States v. Giglio*, 126 F.4th 1039, 1045 (5th Cir. 2025). Indeed, in *Hanson*, the D.C. Circuit's application of the merits test turned on "the type of weapons . . . that appellants actually own and want to register in the District." *Hanson v. District of Columbia*, 120 F.4th 223, 231 n.2 (D.C. Cir. 2024) (per curiam), *pet. for cert. docketed*, No. 24-936 (U.S. Feb. 28, 2025). Such as-applied challenges, which Plaintiffs do not dispute that they assert, require consideration of individual circumstances that preclude associational standing. *E.g.*, *Rent Stabilization Ass'n of City of N.Y. v. Dinkins*, 5 F.3d 591, 596–97 (2d Cir. 1993); *Kans. Health Care Ass'n, Inc. v. Kans. Dep't of Soc. & Rehab. Servs.*, 958 F.2d 1018, 1022 (10th Cir. 1992); *see Harris v. McRae*, 448 U.S. 297, 321 (1980).

Plaintiffs do not address that either the jurisdictional or merits aspects of their claims require individual considerations. Their failure to address the individualized nature of their claims concedes the issue, and they thus concede that they cannot establish all prongs of the associational standing test. *Wannall*, 775 F.3d at 428.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint.

Date: April 3, 2025.                                   Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
Special Counsel for Firearm Safety
RICHARD P. SOBIECKI [500163]
MATEYA B. KELLEY [888219451]
HELEN M. RAVE [90003876]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7474
adam.tuetken@dc.gov

*Counsel for Defendants*